IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEDRIC JAMAR DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:12cv849-CSC |
| | ) (WO) |
| WALLY OLSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

The plaintiff filed this 42 U.S.C. § 1983 action on October 2, 2012. At that time, he was incarcerated at the Dale County Jail located in Ozark, Alabama. On April 22, 2015, the envelope containing the plaintiff's copy of an order filed on April 9, 2015, was returned to the court marked as undeliverable because the plaintiff is no longer at the address he had provided to the court.[1]

All parties have an affirmative duty to inform this court of any change of address during the pendency of their actions. The plaintiff was provided notice of this requirement in the court's October 4, 2012 order of procedure. *See* Doc. # 4 at 6, ¶ h. Upon review of the pleadings filed in this matter, it is clear that the court file does not contain an alternate address for the plaintiff and he has not provided this court with a current address.[2] On April

---

[1] On March 5, 2014, April 24, 2014 and February 19, 2015, the plaintiff notified the court of changes in his address. *See* Docs. # 47, 48 & 49.

[2] The court has accessed the Alabama Department of Corrections website which indicates that the plaintiff is not currently incarcerated. *See* http://www.doc.state.al.us/InmateInfo.aspx (last accessed on April 23, 2015).

23, 2015, the court issued an order directing the plaintiff on or before May 7, 2015, to show cause why this case should not be dismissed for want of prosecution. (Doc. # 53). The plaintiff was specifically cautioned that if he failed to respond as required by the order, the court would treat his failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned would recommend that this case be dismissed for such failure. The plaintiff has filed nothing in response to the orders of the court. In addition, on May 4, 2015, the envelope containing the plaintiff's copy of the court's April 23, 2015, order was returned to the court marked as undeliverable because the plaintiff is no longer at the address he had provided to the court. The court therefore concludes that this case is due to be dismissed for want of prosecution.

    The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal are appropriate and finds that under the facts of this case dismissal is the proper sanction. When the case was filed, the plaintiff was an indigent state inmate. Moreover, the plaintiff has exhibited a lack of respect for this court and its authority as he has failed to respond to the orders entered in this case. It is therefore clear that any additional effort by this court to procure the plaintiff's compliance would be unavailing. Thus, the court finds that the imposition of monetary or other punitive sanctions against the plaintiff would be ineffectual. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all

proceedings in this case and ordering the entry of final judgment. (Doc. # 36).

## CONCLUSION

Accordingly, it is ORDERED and ADJUDGED that this case be and is hereby dismissed for the plaintiff's abandonment of his claims, failure to prosecute this action and failure to comply with the orders of the court.

A separate judgment will be entered.

Done this 12th day of May, 2015.

                                          /s/ Charles S. Coody
                                          CHARLES S. COODY
                                          UNITED STATES MAGISTRATE JUDGE